ALICE CROCKER et al., Plaintiffs, *v.* LESTER A. LEWIS, Appellant, et al., Respondents.

In proceedings to determine the priority of claims to surplus moneys arising on foreclosure sale herein, it appeared that after the commencement of an action by L., one of the claimants, against the mortgagor to restrain him from erecting apartment houses on the premises as in violation of an agreement, and after the filing of a *lis pendens* therein, said mortgagor executed another mortgage to W. & P., the other claimants. L. thereafter obtained judgment granting the relief sought, with costs, and his claim was founded on the judgment for costs. *Held*, that W. & P. had the prior lien, and were entitled to the surplus; that while their rights in the land were, by virtue of the *lis pendens*, wholly subordinated to those of L., as they should be established by judgment in his action, that judgment did not charge the costs upon the land, but was simply, so far as costs were concerned, a personal judgment against the mortgagor, and did not become a lien until the filing of a transcript of the judgment with the county clerk.

Reported below, 79 Hun, 401.

(Argued November 26, 1894; decided December 11, 1894.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 14, 1894, which reversed an order of Special Term denying a motion to confirm the referee's report as to surplus moneys arising upon a sale herein.

This action was for the foreclosure of a mortgage executed by the defendants Ervin C. Gollner and wife, defendants Watson & Pittinger, respondents, claiming the surplus as holders of a junior mortgage on the premises, and the Special Term awarded it to them.

The facts, so far as material, are stated in the opinion.

*William C. Beecher* for appellant.  The Watson & Pittinger mortgages having been executed and recorded nine months subsequent to the Lewis' *lis pendens*, were subject and subordinated to Mr. Lewis' decree the same as though they had been parties to the suit of *Lewis* v. *Gollner*, and they are just as much subordinated to the money portion of the decree as to the restraining part.  (Code Civ. Pro. §§ 1670, 1671; *Stern* v. *O'Connell*, 35 N. Y. 104; *McPherson* v. *Honsel*, 2 Beas. 299.)  But Watson & Pittinger are not good faith mortgagees as far as Mr. Lewis is concerned.  They took their mortgages with a knowledge of his rights as they should subsequently be established by the decree.  They knew that the costs would probably be included in the decree if Mr. Lewis succeeded — as they were in fact; and became an important and inseparable part of his rights awarded him by the decree. (*Jeffres* v. *Cochrane*, 48 N. Y. 671; *Patterson* v. *Brown*, 32 id. 81.)  Lewis was entitled to priority in this surplus money as against Watson & Pittinger.  (*Hull* v. *Spratt*, 1 Hun, 298.)

*Josiah T. Marean* for respondent.  Whatever the judgment determines *in rem*, touching the property described in the notice, is *res adjudicata* in favor of the plaintiff against subsequent purchasers or incumbrancers, as well as against the defendant himself.  That is all the effect a notice of the pendency of an action has.  (Code Civ. Pro. §§ 1251, 1671.)

GRAY, J.  Upon the sale in foreclosure, in this action, there resulted a surplus; which is claimed, on the one hand, by the respondents, by virtue of their mortgage, and, on the other hand, by the appellant, by virtue of a judgment for costs, recovered by him in a suit, notice of pendency of which was

filed before the respondents took their mortgage. The respondents' mortgage was junior to the plaintiffs'; but, prior to its making, Lewis, the appellant, had commenced an action in the City Court of Brooklyn, against the mortgagor of the property, Gollner, to restrain him from erecting flats or apartment houses, in violation of a certain agreement theretofore made by him, and a notice of the pendency of the action had been duly filed. Lewis' action proceeded, until, eventually, he had final judgment in his favor, perpetually restraining Gollner and his wife "and all persons claiming under them, etc.," as prayed for and adjudging that he "recover of the defendants Gollner" the taxed costs and that he "have execution therefor." A transcript of this judgment was then docketed in the county clerk's office. The sale of the property in question was had under a decree which directed it to be made "subject to the rights, equities and easements" of Lewis in and to the property, as adjudged in the judgment of the City Court. It is argued in behalf of the appellant here, Lewis, that though his judgment for costs was recovered after the execution and recording of the mortgage to the respondents Watson and Pittinger, yet, because of the filing of a notice of the pendency of the action, the judgment must be regarded as taking effect from the time of such filing and, therefore, as impressing a lien for costs upon the property superior to that of the respondents' mortgage. In the distribution of surplus moneys the court, however guided by equitable rules in its determination of the priorities of claimants, does not proceed arbitrarily, nor with disregard of legal principles. The question here, as to whether the one, or the other of the two claimants has the superior equity in the moneys now representing the mortgaged property, must be governed, not by any inquiries into, or surmise as to, the knowledge of Watson and Pittinger as to Lewis' rights, or as to their motives in taking a mortgage from Gollner, but by a consideration of what advantage or security Lewis acquired over them by his prior filing of a notice of the pendency of his equitable action. Watson and Pittinger's rights in the land were wholly subordinated to Lewis' rights;

as they should be established by the future decree. They took their mortgage upon the property, subject to whatever equities or claims the judgment in the action should thereafter charge upon it. The Code provides (sec. 1671), with respect to the effect of filing the notice of *lis pendens*, that a subsequent incumbrancer is "bound by all proceedings taken in the action, after the filing of the notice, to the same extent as if he was a party to the action." Hence, when, eventually, Lewis reached judgment in his favor in his equitable action, his rights and interests in, or about, the property, or the surplus fund, which became substituted for the property, were, and could only be, precisely what that judgment should describe them to be. That judgment, while adjudging to Lewis certain rights or easements in the property, did not charge the costs upon it; but, merely, gave to Lewis a judgment against Gollner personally for them. The property never became subjected to any lien for costs by virtue of the judgment recovered in the action in the City Court. It was the filing of a transcript of that judgment with the county clerk, as prescribed by the statute, which created a lien for the costs upon the judgment debtor's property. Full effect is given to the provision of the Code, in subjecting the rights of Watson and Pittinger, under the mortgage, to the decree of the court in Lewis' action; for the proceedings in the action resulted in a judgment which only charged Gollner's property with the restrictions mentioned in the agreement; the enforcement of the provisions of which was the ground of the action. Had Watson and Pittinger been actual parties to Lewis' action, the judgment recovered would only have affected the mortgage to them to the extent of cutting down the interest, or use of the mortgagor in the property mortgaged. Lewis' action was *in rem* and however the *res* should be affected as its result, so would the mortgaged interest be affected.

We think the order of the General Term was right and that it should be affirmed, with costs.

All concur.

Order affirmed.