(26 App. Div. 532.)

BUSHWICK SAV. BANK v. TRAUM et al.

(Supreme Court, Appellate Division, Second Department. March 29, 1898.)

MORTGAGE LIEN.

A mortgage is a lien upon the land, or upon the surplus moneys which represent the land, not only for the principal sum secured by the mortgage, with interest, but also for any costs that may be allowed to the mortgagee, and charged by the decree upon the mortgaged premises, in a suit to foreclose the mortgage, even though the judgment in that suit may not be obtained until after a sale under a prior mortgage.

Appeal from special term, Kings county.

Action by the Bushwick Savings Bank against Caroline Traum and others. From an order modifying the report of a referee in surplus-money proceedings, and directing distribution of the same, Annie M. Steuerwald appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. Stewart Ross, for appellant.
William L. Mathot, for respondents.

WILLARD BARTLETT, J. This suit was brought to foreclose a mortgage made to the Bushwick Savings Bank in 1890. The appellant, Annie M. Steuerwald, is the owner of a subsequent mortgage, made in 1893. The property was again mortgaged in 1895 to Henry Herrmann, whose executors are the respondents on the present appeal. In March, 1897, Annie M. Steuerwald commenced an action in the county court of Kings county to foreclose her mortgage. The mortgagor interposed a defense in that suit, setting up usury, but the plaintiff therein prevailed, obtaining a judgment of foreclosure and sale on November 9, 1897. Meantime, however, the Bushwick Savings Bank, in June, 1897, had begun the present suit to foreclose its first mortgage, and had prosecuted the same to a decree and sale; so that, before Annie M. Steuerwald obtained judgment on her second mortgage, the property had been sold under the judgment foreclosing the prior mortgage of the Bushwick Savings Bank, and a surplus had been realized, which stood in the place of the land, so far as the lien of her second mortgage was concerned. The lien of this Steuerwald mortgage, principal and interest, has been duly recognized in the order of its priority in the surplus-money proceeding, but the referee and the court at special term have declined to allow to Annie M. Steuerwald, as a part of such lien, the costs awarded to her in the county court by the judgment in her suit to foreclose that mortgage. "The costs and allowances in the Steuerwald action," says the learned judge below, "were not a lien against the land, nor are the same a lien against the surplus moneys." We entertain a different opinion. We think that the costs of the foreclosure suit in the county court are to be regarded, under the circumstances, as such a natural and necessary incident to the mortgage lien itself, and to the enforcement thereof, as to constitute them, when fixed and awarded, a part of the amount secured by the lien; or, in other words, that the mortgage is a lien upon the land, or upon the surplus moneys which represent the land,

not only for the principal sum secured by the mortgage, together with interest at the stipulated rate, but also for any costs that may be allowed to the mortgagee in a suit to foreclose the mortgage, even though the judgment in that suit may not be obtained until after a sale under a prior mortgage.    It has been held that an action is maintainable to foreclose a junior mortgage, notwithstanding that a judgment of foreclosure has already been rendered in an action upon a prior mortgage.    Bache v. Purcell, 6 Hun, 518.    If a sale is made under the first decree, the court may control the proceedings in the suit on the second mortgage, "so far as to restrict the rights of the plaintiff to a participation in any surplus which may result upon such sale; or, if no surplus result, to take judgment upon the bond given by the mortgagor, as described in the complaint."    It seems quite proper to allow the suit upon the junior mortgage to proceed to judgment, notwithstanding that there has been a sale under the first decree, with a resulting surplus, in order to establish the interest of the junior mortgagee in such surplus, where his right to share in it is denied by a plea of usury interposed in his action.    The allowance of costs in that case rests in the discretion of the court, and, if costs are awarded, they are directed by the decree to be paid out of the proceeds of the sale of the mortgaged premises.    For the purposes of the judgment foreclosing the second mortgage, the surplus occupies the place of the land, and the costs are to be taken out of those proceeds with the amount due on the mortgage.    In the case of Crocker v. Lewis, 144 N. Y. 140, 39 N. E. 1, it was held that surplus moneys were not chargeable with a judgment for costs awarded to one of the claimants in a suit against the mortgagor to restrain him from erecting apartment houses upon the land, although the notice of lis pendens in that suit was filed before the execution of the mortgage, the foreclosure of which gave rise to the surplus.    This was on the ground, however, that the judgment in question, although it gave the claimant certain rights or easements in the property, did not charge the costs upon the land, but merely gave the claimant a judgment for them against the mortgagor personally.    As already pointed out, the ordinary decree in foreclosure always does charge the costs upon the mortgaged premises, as did the decree in the appellant's suit in the county court suit, here under consideration.

The order appealed from should be modified so as to establish the appellant's lien for her costs.    All concur.