(119 App. Div. 209)

HOOKEY v. GREENSTEIN et al.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

1. ATTORNEY AND CLIENT—AUTHORITY—PRESUMPTION—OBJECTIONS.

The objection to the vacation of a judgment, that it could only be set aside by consent of the parties, whereas it was vacated on consent of their attorneys, cannot be effectively raised by others than the parties themselves, as, in the absence of objection by the clients, the presumption is that the attorneys were authorized to give the consent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 98.]

2. JUDGMENT—DEFAULT—EFFECT—NOTICE OF SUBSEQUENT PROCEEDINGS—MORTGAGES—FORECLOSURE—PLEADING—AMENDMENT.

In foreclosure proceedings, persons who had filed a mechanic's lien against the premises were made parties defendant, and the judgment demanded in the original complaint was for the foreclosure of the mortgage and that the defendants and all persons claiming under them be forever barred of all right in the premises. The holders of the mechanic's lien defaulted. Thereafter judgment was entered in which it was ordered that the complaint be deemed amended, so as to set forth that the premises had been sold on foreclosure of a prior mortgage, and that as a result of the sale there was a surplus upon which the mortgage debt was a prior lien to that of defendants, and it was decreed that the mortgage debt was such prior lien on the surplus. *Held*, that the holders of the mechanic's lien were not entitled to notice of the amendment, and that judgment was properly entered adjudging the mortgage debt to be a prior lien on the surplus, and was not a judgment more favorable than that demanded in the original complaint, within the meaning of Code Civ. Proc. § 1207, providing that, where there is no answer, a judgment shall not be more favorable to the plaintiff than that demanded in the complaint.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action to foreclose a real estate mortgage by William T. Hookey against Joseph Greenstein and others. From an order denying a motion to vacate an order vacating a judgment theretofore entered, and also denying a motion to vacate a judgment thereafter entered, defendants Adelstein and another appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Samuel D. Lasky, for appellants.

Joseph Rosenzweig, for respondent.

CLARKE, J.   It appears from the record that one Hermann began an action to foreclose a mortgage on the property in question, which proceeded to judgment and sale, and resulted in a surplus of over $14,-000 deposited with the chamberlain   Plaintiff, Hookey, began an action to foreclose a junior mortgage, in which defendants Greenstein and Hirsch set up the defense that the mortgage sought to be foreclosed was usurious and void.   In that action the appellants Adelstein and Avrutine, who had filed a mechanic's lien against the premises described in the complaint, were made parties defendant, it being alleged that:

"They have or claim some interest in or lien upon the said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage, and is subject and subordinate thereto."

The said appellants did not appear or answer.   Thereafter the action proceeded to trial, resulting in a judgment declaring the mortgage usurious.   Thereafter, upon the consent of the plaintiff and the defendants Greenstein and Hirsch, who had obtained the judgment in their favor, the court vacated and set aside that judgment, and upon a written stipulation to that effect entered a judgment in which it was ordered that the complaint be deemed amended, so as to set forth the fact that the premises therein described, to foreclose a mortgage against which this action was brought, had been sold by the foreclosure of a prior mortgage, and as a result of the said sale there is now in the hands of the chamberlain of the city of New York a large sum of money, upon which the said mortgage debt is a lien prior to that of the defendants herein, and adjudged and decreed that the plaintiff have judgment against the defendants, and that the defendants and all persons claiming under them be forever barred and foreclosed of all right, claim, lien, and equity of redemption in the said mortgaged premises; that the plaintiff have a lien on the said surplus money on deposit with the chamberlain of the city of New York to the credit of the action entitled "Leopold Ehrman v. Joseph Greenstein et al.," prior in lien to that of the defendants herein, in the sum of $3,000, with interest and costs and allowance, making a total of $3,646.91.

The appellants complain, first, of the order setting aside the original judgment.   Their grievance is that they have lost the benefit of the judgment which declared the plaintiff's mortgage usurious and void. Of course, if this judgment had stood, a prior claim to the surplus moneys in the hands of the chamberlain would have been wiped out, and the appellants' chance of obtaining a portion thereof on their subsequent lien would have been improved.   Not having been a party to that mortgage, they were in no position to raise the question of usury.   The defendants Greenstein and Hirsch need not have raised it in the first instance.   If so, the action would have proceeded to judgment, and the appellants would have been in the same position they are now in that regard.   Having the right to waive it in the first instance, those defendants and the plaintiff had the right to consent to the vacation of the judgment and the withdrawal of that defense and the entry of a judgment for plaintiff in the action.   The only error alleged is that after the entry of the judgment the attorneys

lost control of the proceedings, and an order vacating the judgment which had been entered could only have been made upon the consent of the parties themselves, and these consents were signed by their attorneys. The appellants, however, are in no position to raise this question. In the absence of complaint from the clients, the court assumes the authority of the attorneys to act for them.

The appellants next complain that the court had no power to amend the complaint without notice to them, although they were in default, because, while they might have had no answer to the original complaint, and could not themselves set up the usurious nature of the mortgage, yet, when the amendment undertook to assert a lien upon the surplus fund and determine the priority of such lien, they ought to have been allowed to answer, if so advised; and they further complain that the judgment was improper, in that it established a lien upon said surplus fund and the priority thereof. It is true that section 1207 of the Code of Civil Procedure provides that, where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. The judgment under review is not more favorable than that demanded in the complaint. The judgment demanded in the complaint was for the foreclosure of the mortgage, and that the defendants and all persons claiming under them be forever barred and foreclosed of all right, claim, and equity of redemption in the said mortgaged premises. That is what this judgment provides. Instead, however, of providing that the property be sold, it having been made to appear to the court that the property had already been sold upon a judgment of foreclosure and sale under a prior mortgage, and that there was a surplus in the hands of the chamberlain, equity adapted the form of relief requested to the facts existing at the time of its application. It is true that, notwithstanding the sale, the action could have proceeded and judgment entered in the ordinary form. "It seemed quite proper to allow the suit on the junior mortgage to proceed to judgment, notwithstanding that there has been a sale under the first decree, with a resulting surplus, in order to establish the interest of the junior mortgagee in such surplus, where his right to share in it is denied by a plea of usury interposed in his action. For the purposes of the judgment foreclosing the second mortgage, the surplus occupies the place of the land and the costs are to be taken out of those proceeds with the amount due on the mortgage." Bushwick Savings Bank v. Traum, 26 App. Div. 532, 50 N. Y. Supp. 542, affirmed upon opinion below 158 N. Y. 668, 52 N. E. 1123.

No sale of the property could have been had, however, under such judgment, because that had already been sold under a prior mortgage; but the surplus remaining in the hands of the court under that proceeding took the place of the land. The judgment, being presented in the surplus money proceedings, would have entitled the judgment creditors thereunder to that proportion of the surplus money in that order of priority which the judgment entitled said creditors to as against the land. In other words, the judgment against the land would have foreclosed all of the defendants of their right and title and interest in the land as against the plaintiff. When presented in the sur-

plus money proceedings, it would have likewise foreclosed all of these defendants, as against the plaintiff, of their right, title and interest in the surplus moneys. What the learned court has done is to cause to be expressed in the judgment the precise effect that the judgment would have had, if it had been the ordinary judgment for foreclosure, neither more nor less. To complain that by making a judgment express in words precisely its legal effect, upon the ground that nothing was said in the original complaint about surplus moneys arising upon a former action, as when the complaint was drawn no such condition of affairs existed, is to present a technical objection without force or substance.

The order appealed from should be affirmed, with $10 costs and disbursements.

PATTERSON, P. J., and McLAUGHLIN and LAMBERT, JJ., concur.

INGRAHAM, J. (dissenting). I concur with Mr. Justice CLARKE, as to so much of the order as refused to vacate the order setting aside the judgment and allowing an amendment to the complaint, but I do not think the court had power to enter a judgment upon the amended complaint without notice to the defendants in the action who were in default and who had no notice of or opportunity to be heard upon a judgment based upon this amendment. Section 1207 of the Code of Civil Procedure provides that:

"Where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint."

It was here sought to foreclose a second mortgage. There was no question of a surplus to which the plaintiff, if he established the validity of his mortgage, could be entitled, and the mortgagor had defended by alleging that the mortgage sought to be enforced was void on account of usury. When plaintiff saw fit to amend the complaint, so as to ask to have a direct adjudication as to the surplus which had been realized and which was in court, I think the defendants who had not consented to the amendment and were in default should have had notice of the amendment and an opportunity to defend against a demand for a judgment which was essentially different from that asked for by the original complaint. I think the construction to be given to this section of the Code of Civil Procedure requires that a summons and complaint, when it is so amended as to ask for substantially different relief from that demanded in the original complaint, and which was not then in the contemplation of any of the parties, should be served upon those defendants who have not appeared before a judgment can be entered which grants to a plaintiff the relief demanded by the amended complaint, and the court cannot deny a defendant that right by considering that the judgment newly demanded would accomplish no greater results than would have been accomplished by the judgment as originally demanded.